IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

ROBERT KNIGHT and
LESTER CURRY,

    Plaintiffs,

v.

KOLOS, INC.; IBRAHEEM
MOHAMMAD ABDELRAHMAN, et al,

    Defendants.

CIVIL ACTION NO.:

1:23-cv-125

# NOTICE OF REMOVAL

COMES NOW, Defendants, KOLOS, INC AND IBRAHEEM MOHAMMAD ABDELRAHMAN, and removes this case to the United States District Court for the Southern District of Alabama, and as grounds therefore, respectfully shows unto the Court the following:

1. Plaintiff Robert Knight is a citizen of the state of Alabama (Exhibit A, Complaint and State Court Record).

2. Plaintiff Lester Curry is a citizen of the state of North Carolina (Exhibit A).

3. Defendant, Kolos Inc., is a corporation organized pursuant to the laws of the state of Illinois and has its principal place of business in Morton Grove, Illinois (Exhibit A).

4. Defendant, Ibraheem Mohammad Abdelrahman, is a citizen of the state of Illinois. (Exhibit A).

5. Jurisdiction is hereby based upon diversity jurisdiction of citizenship, pursuant to 28 U.S.C. 1332(a), 28 U.S.C. 1441(a), and 28 U.S.C. 1446.

5. A copy of the complete state court record is attached hereto as Exhibit "A."

6.  This case arises out of a motor vehicle accident that occurred on August 4, 2022, in Conecuh County, Alabama. Plaintiffs Robert Knight and Lester Curry allege that Defendant Abdelrahman negligently and/or wantonly operated an automobile/tractor-trailer so as to cause or allow it to collide with a trailer attached to an automobile occupied by the Plaintiffs Robert Knight and Lester Curry, thereby resulting in the collision between the two automobiles allegedly causing bodily injuries and other damages to the Plaintiffs (Exhibit A).

7.  On September February 2, 2023, Plaintiffs Robert Knight and Lester Curry filed this lawsuit in the Circuit Court of Conecuh County, Alabama, asserting claims of negligence and/or wantonness against Defendant Ibraheem Mohammad Abdelrahman. Plaintiffs Robert Knight and Lester Curry have asserted a claim of negligent hiring, retention, monitoring, supervision, and/or training for against Defendant Kolos Inc. as a result of injuries and damages resulting from the same accident. In the Plaintiffs' complaint, they alleged that the Plaintiffs suffered damages including personal injury, permanent injury, physical pain and suffering (past and future, mental and emotional anguish (past and future), and general damages (Exhibit A). Both Plaintiffs seek compensatory and punitive damages against Defendants Ibraheem Mohammad Abdelrahman and Kolos Inc., as well as, interest and cost of litigation. (Exhibit A) However, the Complaint does not assert a specific monetary amount being sought.

9.  Under federal law, "diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000.00" Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). Therefore, removal jurisdiction based upon diversity mandates: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s); and (2) satisfaction of the

amount in controversy requirement. Jones v. Novartis Pharmaceuticals Co., 952 F. Supp. 2d 1277 (N.D. Ala. 2013).

## I.   DIVERSITY OF CITIZENSHIP

10.    28 U.S.C.A. § 1332 states "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between… (1) citizens of different States". 28 U.S.C.A. § 1332 (a)(1). The Supreme Court of the United States has held that "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). 28 U.S.C. § 1446 (b)(2)(A) requires "All defendants who have been properly joined and served must join in or consent to the removal if the action." 28 U.S.C. § 1446 (b)(2)(A).

11.    Here, there are two Plaintiffs in the current action. Plaintiff Robert Knight is a citizen of the state of Alabama. Plaintiff Lester Curry is a citizen of the state of North Carolina. Defendant Kolos Inc. is a citizen of the state of Illinois. Defendant Ibraheem Mohammad Abdelrahman is a citizen of the state of Illinois. Therefore, there is diversity between the Plaintiffs and Defendants. Neither Defendant is a citizen of the forum state. Undersigned counsel represents both Defendants in this removal action, and thus, all named defendants join in this removal action. Therefore, complete diversity of citizenship is satisfied for removal jurisdiction in this case and the only remaining issue is whether the amount in controversy exceeds $75,000.00.

## II.   AMOUNT IN CONTROVERSY

12.    Under circumstances where "a plaintiff has made unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the

amount in controversy more likely than not exceeds the…jurisdictional requirement." <u>Tapscott v. MS Dealer Corp.</u>, 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by <u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069 (11th Cir. 2000). Although the removing defendant may submit evidence demonstrating the propriety of removal, in some cases, "it may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages." <u>Roe v. Michelin N. Am., Inc.</u>, 613 F.3d 1058, 1061 (11th Cir. 2010). This Court should consider the entirety of the allegations in the Complaint, as referenced above, while the Court should also use judicial experience and common sense in deciding whether the case meets federal jurisdictional requirements. <u>Jones v. Novartis Pharmaceuticals Co.</u>, 952 F. Supp. 2d 1277 (N.D. Ala. 2013). Furthermore, while the burden is on the defendant, a removing defendant "is not required to prove the amount in controversy beyond all doubt or to banish all certainty about it." <u>Pretka v. Kolter City Plaza, Inc.</u>, 608 F.3d 744, 754 (11th Cir. 2010). Rather, the Court is entitled to utilize reasonable deduction, reasonable inferences, and other reasonable extrapolations from the assertions in the Complaint to determine if it appears to be facially apparent that a case is removable. <u>Jones v. Novartis</u>, 952 F. Supp. 2d 1277 (N.D. Ala. 2013).

13. The Plaintiffs' assert claims of negligence and/or wantonness against Defendant Abdelrahman. (Exhibit A). Plaintiffs assert claims of negligent hiring, retention, monitoring, supervision, and/or training against Defendant Kolos, Inc. (Exhibit A). As a result of the various allegations, each Plaintiff is seeking both compensatory and punitive damages in excess of $75,000.00. (Exhibit A).

13.     Although the Complaint filed herein does not assert a certain monetary amount being sought, on March 8, 2023, Defendants Kolos Inc. and Ibraheem Mohmmad Abdelrahman

issued written discovery to the Plaintiffs which in part included request for admission of facts. Plaintiff Knight and Curry responded separately to the Defendants request for admission on April 3, 2023. In response to Defendants' request for admissions (Exhibit B) Plaintiff Knight responded to the following:

> **REQUESTS FOR ADMISSIONS**
> 1. The amount in controversy in this matter exceeds the sum of $75,000.00 exclusive of interest and costs.
> **ANSWER:  Admit.**
> 2. This case satisfies the "amount in controversy" requirements of 28 USC § 1332.
> **ANSWER:  Admit.**
> 3. You are seeking an award of more than $75,000.00 to satisfy all of the claims stated in your complaint.
> ANSWER:  Admit.
> 4. You will accept more than $75,000.00 in compensatory and punitive damages, plus interest and costs of court.
> **ANSWER:  Admit.**
> 5. There is evidence which supports an award of damages in this case exceeding $75,000.00 including compensatory and punitive damages.
> **ANSWER:  Admit**.
> 6. The proper measure of damages, if any, exceeds $75,000.00 inclusive of all claims for compensatory and punitive damages.
> **ANSWER:  Admit.**

Plaintiff Curry responded to Defendants' request for admissions (Exhibit C) in the following on April 3, 2023:

> **REQUESTS FOR ADMISSIONS**
> 1. The amount in controversy in this matter exceeds the sum of $75,000.00
> exclusive of interest and costs.
> **ANSWER:  Admit.**
> 2. This case satisfies the "amount in controversy" requirements of 28 USC §1332.
> **ANSWER:  Admit**.
> 3. You are seeking an award of more than $75,000.00 to satisfy all of the claims stated in your complaint.
> **ANSWER:  Admit**.
> 4. You will accept more than $75,000.00 in compensatory and punitive damages, plus interest and costs of court.

> **ANSWER: Admit**.
> 5. There is evidence which supports an award of damages in this case exceeding $75,000.00 including compensatory and punitive damages.
> **ANSWER: Admit**.
> 6. The proper measure of damages, if any, exceeds $75,000.00 inclusive of all claims for compensatory and punitive damages.
> **ANSWER: Admit.**

14. In addition to Plaintiff Knight's discovery responses, he provided medical records from the Alabama Orthopaedic Clinic as apart of his responses on April 3,2023, to request for production of documents. The records from the Alabama Orthopaedic Clinic (herein "AOC") reflect that on October 14, 2022, Plaintiff Knight presented to the AOC on October 14, 2022, complaining of cervical pain and radicular pain in his right shoulder, numbness in his fingertips, and tingling in his neck following an August 4, 2022, motor vehicle accident. Dr. William A. Crotwell, III at AOC diagnosed the Plaintiff on October 14, 2022, with acute cervical myofascial strain, degeneration of C5-C6 intervertebral disc, cervical radiculopathy, and motor vehicle accident. Plaintiff returned to AOC on November 4, 2022, and reported a 9/10 on a pain scale. Dr. Crotwell referred Plaintiff for an MRI of his cervical spine.

15. The Plaintiff reported to AOC for a cervical spine MRI on December 1, 2022. Stephen C. Ashe, DO reviewed the MRI results and determined the Plaintiff had (1) moderate spondylitic changes of the cervical spine, (2) right paracentral osteophyte complex at C5-6 created moderate central canal narrowing and severe foraminal stenosis bilaterally, (3) small central herniation at C6-7 creates mild to moderate central canal narrowing and moderate foraminal stenosis bilaterally, and (4) broad-based annual bulge at C3-4 creates central canal narrowing and moderate foraminal stenosis bilaterally. Plaintiff returned to AOC on December 16, 2022, to treat with Dr. Crotwell with the

cervical MRI results. Dr. Crotwell interpreted the MRI results to find severe herniated disc at C5-C6 with huge spur at C5-C6 with complete foraminal stenosis and severe nerve root compression. Dr. Crotwell at AOC referred the Plaintiff for possible surgical intervention to Dr. Revels to consider an anterior decompression with plating possible. Plaintiff reported to Dr. Tim S. Revels at AOC on December 22, 2022. Dr. Revels declined to recommend surgery at the time noting in part that no surgery recommendation due to primary posterior neck pain symptoms. Dr. Revels diagnosed the Plaintiff with cervical disc disorder with radiculopathy, mid-cervical region. Of note, discovery is ongoing and it in its initial phases.

16. Plaintiffs' responses to Defendant's Request for Admissions makes this case similar to Murchison v. Progressive Northern Ins. Co., 564 F. Supp. 2d 1311 (E.D. Okla. 2008). In Murchison, the Plaintiff filed a complaint in Oklahoma state court alleging the Defendant breached its insurance contract, acted negligently and acted in bad faith and Defendant sought removal from state to federal court. Id at 1313. The Court in Murchison noted that

> "Plaintiff requests damages in an amount in excess of ten thousand dollars on each of her three claims. On her negligence claim, she requests "economic damages, out of pocket expenses for medical care received as a result of the accident, rehabilitation costs as a result of injuries sustained in the accident, [and] emotional pain and suffering." On her bad faith claim, she states that she "has suffered emotional, physical and economical damages.""

Id. In Murchison, the Plaintiff served the Defendant with responses to Defendant's Interrogatories and Request for Admissions. Defendant's fifth request for admission was "Admit that Your (sic) total alleged damages against Progressive do not exceed $75,000.00." Id. Plaintiff objected to the request, arguing that it violated the Oklahoma pleading code but ultimately denied the request. Id. Further, the Murchison Court held than an evasive answer to a request for admission regarding the amount of damages will be construed against the evading party. Id at

1316. In this case given the Plaintiffs clearly admit they are seeking damages in excess of $75,000.00 each. Therefore, the Court should find the damages sought in this matter satisfy the jurisdictional requirements.

17. Based upon Plaintiffs own admissions in written discovery responses under Request for Admissions as well as the totality of the circumstances, the Plaintiffs are each clearly making a claim in an amount in excess of $75,000.00 in controversy in this case. <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 754 (11th Cir. 2010) ("When determining if the defendant has satisfied this burden [to establish jurisdiction by a preponderance of the evidence], the court will consider first whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. If it is not, the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied"). Federal law is clear in that punitive damages are considered in determining the amount in controversy. <u>See</u> <u>LeBlanc v. Spector</u>, 378 F. Supp. 301, 306 (D. Conn. 1973), <u>See also</u> <u>Tackett v. Kidder</u>, 616 F.2d 1050, 1053 (8th Cir. 1980). As the allegations now asserted in the Complaint make clear including claims for compensatory and punitive damages, and each Plaintiff is making a claim which place each claim in excess of the amount of $75,000.00, thereby satisfying the jurisdictional minimum for removal to this Honorable Court.

    **III.**    **TIME TO REMOVE**

18. Generally, under federal law, a notice of removal shall be filed within 30 days after service of an initial pleading under 28 U.S.C. § 1446 (b). However, a statutory exception exist if the case as stated in the initial pleading is not removable may be removed within 30 days after receipt by the defendant an "amended pleading, motion, order or **other paper** from which is may

be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (b)(3)(emphasis added). Also, "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information…in responses to discovery, shall be treated as an "other paper" under subsection (b)(3)." Id at 1446 (c)(3)(A). Federal District Courts have stated that "If by their content answers to interrogatories adequately set forth the basis of federal jurisdiction, and thereby put the defendant on notice that a suit is removable, they clearly serve the purpose for which the second paragraph of § 1446(b) is intended. *Cabibbo v. Einstein/Noah Bagel Partners, L.P.,* 181 F. Supp. 2d 428, 433 (E.D. Pa. 2002). Here, the Plaintiffs' responses to Defendant's Request for Admissions were served on April 3, 2023, which would permit under the Rules removal based on their responses by statute until May 3, 2023.

19. Upon the filing of this Notice, Defendant has given written notice thereof to the attorney for the Plaintiff of the removal proceedings and notice with the Circuit Court of Conecuh County, Alabama, all in accordance with the law. (Exhibit D).

WHEREFORE, this Defendants KOLOS, INC AND IBRAHEEM MOHAMMAD ABDELRAHMAN prays that the removal of this action be affected to the United States District Court for the Southern District of Alabama, and no further or other proceedings may be had with respect to this matter in the Circuit Court of Conecuh County, Alabama, pending a final decision and determination of controversy in the said United States District Court.

*S/ W. Beatty Pearson*
KENNETH A. HITSON, JR. (HIT002)
W. BEATTY PEARSON (PEA 020)
*Attorneys for Kolos and Abdelrahman*

**OF COUNSEL:**

Holtsford Gilliland Hitson, Howard,
   Stevens, Tuley, & Savarese, P.C.
Merritt Building II
6483 Van Buren Street
Daphne, Alabama 36526
(251) 447-0234
khitson@hglawpc.com
bpearson@hglawpc.com

### CERTIFICATE OF SERVICE

    I hereby certify that I have this 12th day of April, 2023, electronically filed the foregoing, using the Alafile system and/or via US Mail will send notification of the filing to the following:

William E. Bonner, Esquire
Joseph F. McGowin, Esquire
Cunningham Bounds
1601 Dauphin Street
Mobile, Alabama 36604
(251) 471-6191

                        *S/ W. Beatty Pearson*
                        **OF COUNSEL**